| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Julian Bach, CA Bar No. 162421<br>Law Office of Julian Bach<br>17011 Beach Blvd., Ste 300<br>Huntington Beach, CA 92647<br>Telephone: (714) 848-5085<br>Facsimile: (714) 848-5086<br><br>*Attorney for Plaintiff* ASSET MANAGEMENT WEST 14, LLC | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re: MOUSSA MORADIEH KASHANI<br><br>Debtor. | CHAPTER 11<br>CASE NUMBER 2:10-bk-54460-ER<br>ADVERSARY NUMBER |
|---|---|
| ASSET MANAGEMENT WEST 14, LLC<br>Plaintiff(s),<br><br>vs.<br><br>MOUSSA MORADIEH KASHANI<br>Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| **Hearing Date:** | **Time:** | **Courtroom:** 1568 | **Floor:** 15th |
|---|---|---|---|
| ☒ 255 East Temple Street, Los Angeles | | ☐ 411 West Fourth Street, Santa Ana | |
| ☐ 21041 Burbank Boulevard, Woodland Hills | | ☐ 1415 State Street, Santa Barbara | |
| ☐ 3420 Twelfth Street, Riverside | | | |

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

KATHLEEN J. CAMPBELL
**Clerk of Court**

By: _____
*Deputy Clerk*

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

February 2010 (COA-SA)

**F 7004-1**

Summons and Notice of Status Conference - Page 2    **F 7004-1**

| In re (SHORT TITLE) | CASE NO.: 2:10-bk-54460-ER |
|---|---|
| MOUSSA MORADIEH KASHANI Debtor(s). | |

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:


A true and correct copy of the foregoing document described as _____
_____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:


**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow.  Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| Date | Type Name | Signature |
|---|---|---|

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

February 2010 (COA-SA)    **F 7004-1**

FORM B104 (08/07)                                                                 2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>ASSET MANAGEMENT WEST 14, LLC | DEFENDANTS<br>MOUSSA MORADIEH KASHANI |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Julian Bach, Law Office of Julian Bach  714-848-5085<br>17011 Beach Blvd., Ste 300<br>Huntington Beach, CA 92647 | **ATTORNEYS** (If Known)<br>Marta C Wade, Sandford Frey  213-614-1944<br>633 W Fifth St, 51st Floor<br>Los Angeles, CA 90071 |
| **PARTY** (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor    ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Objection to Discharge pursuant to Sections 523(a)(4) and 523(a)(6)

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☒ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 80,000.00 |

Other Relief Sought

FORM B104 (08/07), page 2                                                            2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||
|---|---|
| **NAME OF DEBTOR** <br> MOUSSA MORADIEH KASHANI | **BANKRUPTCY CASE NO.** <br> 2:10-bk-54460ER |

| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| Central District | Los Angeles | Robles |

| RELATED ADVERSARY PROCEEDING (IF ANY) |||
|---|---|---|
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| | | |

| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| | | |

**SIGNATURE OF ATTORNEY (OR PLAINTIFF)**

*/s/ Julian Bach/*

| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| 1/28/11 | Julian Bach |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

JULIAN BACH, ESQ., STATE BAR NO. 162421
LAW OFFICE OF JULIAN BACH
17011 Beach Blvd., Suite 300
Huntington Beach, California 92647
Telephone: (714) 848-5085
Facsimile: (714) 848-5086

Attorneys for Plaintiff,
ASSET MANAGEMENT WEST 14, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>MOUSSA MORADIEH KASHANI,<br><br>Debtor.<br><br>ASSET MANAGEMENT WEST 14, LLC,<br><br>Plaintiff,<br>v.<br><br>MOUSSA MORADIEH KASHANI,<br><br>Debtor-Defendant. | Case No. LA 10-54460 ER<br><br>Adv No.<br><br>Chapter 11<br><br>**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**<br><br>[11 U.S.C. §§523(a)(4) and (a)(6)] |

Plaintiff, ASSET MANAGEMENT WEST 14, LLC, alleges:

1

**PARTIES**

1. The Bankruptcy Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§1334 and 157, and 11 U.S.C. §§523 and 1141. This is a core proceeding under 28 U.S.C. §157.

2. Plaintiff, ASSET MANAGEMENT WEST 14, LLC ("Plaintiff") is, and at all times relevant was, a limited liability company duly organized and existing under the laws of the State of California, and doing business in the County of Los Angeles, State of California.

3. Plaintiff is informed and believes, and thereon alleges, that Debtor-Defendant Moussa Moradieh Kashani is now, and at all times mentioned herein was, an individual residing in the County of Los Angeles, State of California. Debtor-Defendant Moussa Moradieh Kashani (the "Debtor-Defendant") voluntarily filed a Chapter 11 petition in the United States Bankruptcy Court for the Central District of California, Case No. LA 10-54460 ER on October 15, 2010.

**GENERAL ALLEGATIONS**

4. The Debtor-Defendant is now, and at all times mentioned herein was, the 100% owner, the sole Insider, and Managing Member of Cedros Properties, LLC ("Cedros Properties"), a California Limited Liability Company that voluntarily filed a Chapter 11 petition in the United States Bankruptcy Court for the Central District of California, Case No. LA 10-54460 ER on April 27, 2010 (the "Cedros Bankruptcy Proceeding") under the guidance and authorization of Debtor-Defendant. The Cedros Bankruptcy Proceeding remains open and pending as of the time of the commencement of this Adversary Proceeding, with Cedros Properties remaining at all times a Debtor-In-Possession, under the management and control of its sole owner and Insider, this Debtor-Defendant Moussa Moradieh Kashani.

5. On or about May 17, 2007, Impac Commercial Capital Corporation ("Impac") funded a loan to Cedros Properties in the original principal sum of $1,466,000.00 plus interest at a rate as defined in the Promissory Note (the "Note").

6. The loan was evidenced in writing by a duly executed Promissory Note (the "Note") in the original principal sum of $1,466,000.00, plus interest at the rate defined therein. Pursuant to the terms of the Note, Cedros Properties was to make monthly payments of principal

2

and interest in the initial amount of $8,993.29, commencing July 1, 2007 and on the first (1st) day of each month thereafter, with the remaining loan balance becoming all due and payable on June 1, 2037.

7. The Note was secured by a duly executed Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing (hereinafter, the "Deed of Trust") against the multi-residential unit subject property located at 8505 Cedros Avenue, Los Angeles, California (hereinafter the "Cedros Avenue Property"). The Deed of Trust was duly recorded as Instrument No. 20071311920 in the Office of the County Recorder of Los Angeles County on May 31, 2007.

8. Further, on or about May 17, 2007, the Debtor-Defendant executed and delivered a Guaranty (the "Guaranty"), whereby the Debtor-Defendant agreed and guaranteed the full and prompt payment to Impact and/or any subsequent holder of the note, when due, whether at maturity or earlier, the entire indebtedness due and owing by Cedros Properties under the subject loan documents, including reasonable fees and out of pocket expenses of attorneys incurred in enforcement of the rights under the Guaranty.

9. In or about April 2008, the subject loan was sold and assigned by Impac to Zions First National Bank. A Corporation Assignment of Deed of Trust from Impac to Zions First National Bank was duly recorded as Instrument No. 20080716456 in the Office of the County Recorder of Los Angeles County on April 24, 2008.

10. In April 2010, the subject loan was sold and assigned by Zions First National Bank to Plaintiff. An Assignment of Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing was duly recorded as Instrument No. 20100537251 in the Office of the County Recorder of Los Angeles County on April 21, 2010.

11. In or about September 2009, a default occurred under the terms of the Note, in that Cedros Properties failed to make the monthly payments then due, along with additional interest that continued to accrue as well as other fees, costs and charges.

12. On April 28, 2010, in the Cedros Bankruptcy proceeding, Plaintiff filed a Notice of Perfection of Security Interest in Rents pursuant to Bankruptcy Code Section 546(b) and Non-Consent to Use of Cash Collateral, asserting a perfected and first position lien on all rents, income and monies generated from the use of the Cedros Avenue Property.

13. In the Cedros Bankruptcy proceeding, on or about May 3, 2010 and again on or about June 15, 2010, the Bankruptcy Court authorized Cedros Properties' emergency interim use of cash collateral based upon a budget presented to the Court by Cedros Properties, conditioned with a requirement that Cedros Properties make interest only monthly adequate protection payments to Plaintiff in the amount of $8,625.35, commencing June 30, 2010 and on the last day of each month thereafter.

14. Cedros Properties thereafter made the interest only monthly payments to Plaintiff on June 30, 2010 through August 31, 2010. Further, Cedros Properties filed Monthly Operating Reports in the Cedros Bankruptcy proceeding up through and including the month ending October 31, 2010. As of the date of the filing of this Adversary Proceeding, Cedros Properties has failed to file any Operating Reports since its filing of the Operating Report for the month ending October 31, 2010.

15. In the Cedros Bankruptcy proceeding, on September 27, 2010, the Bankruptcy Court granted Plaintiff's Motion For Relief From the Automatic Stay, and on November 22, 2010, the subject property was sold at a non-judicial foreclosure sale for a final sales price of $1,000,000, with title to the subject property reverting to Plaintiff. The balance due and owing to Plaintiff by Debtor-Defendant on the Guaranty exceeds $600,000.00, which Plaintiff will claim separately in a Proof of Claim.

16. In the Cedros Bankruptcy proceeding, on December 9, 2010, the Bankruptcy Court granted Plaintiff's Motion to Prohibit Use of Cash Collateral, prohibiting Cedros Properties and this Debtor-Defendant from using cash collateral; requiring that all cash collateral in the Cedros Properties' and/or this Debtor-Defendant's possession or that comes into Cedros

Properties' and/or this Debtor-Defendant's possession to be segregated, sequestered and placed in the Client-Trust Account of Counsel for Cedros Properties pending further Court Order; ordered Cedros Properties and this Debtor-Defendant to identify and provide an accounting of all cash collateral collected post-petition, including all monies collected and all payments disbursed; and requiring Cedros Properties and this Debtor-Defendant to turn over to Plaintiff all cash collateral on hand, including post-petition rents, that was not used in a manner consistent with the terms of the cash collateral budget and Order of the Court.

17. As of the date of the commencement of this Adversary Proceeding, the Debtor-Defendant and/or Cedros Properties has failed to comply with the Bankruptcy Court's Order Prohibiting Use Of Cash Collateral, and specifically to identify and provide an accounting of all cash collateral collected post-petition, including all monies collected and all payments disbursed, and/or to turn over to Plaintiff all cash collateral on hand, including post-petition rents, that was not used in a manner consistent with the terms of the cash collateral budget and Order of the Bankruptcy Court. Plaintiff is informed and believes that approximately $10,400.00 remains on hand and has been safely placed in the Client Trust Account of the Bankruptcy Counsel for Cedros Properties.

## FIRST CLAIM FOR RELIEF

### [11 U.S.C. §523(a)(4)]

18. Plaintiff alleges and incorporates herein by reference each and every allegation set forth in Paragraphs 1 through 17 of the Complaint as though set forth in full.

19. Under the Bankruptcy Code, as the 100% owner, sole Insider and Managing Member of Cedros Properties, LLC, who was personally responsible at all times for the operations and finances of Cedros Properties in the Cedros Bankruptcy proceeding, the Debtor-Defendant owes a fiduciary duty to Plaintiff to collect the rents and all income generated by the Cedros Avenue Property, to hold in trust any security deposits received from the tenants, to account for all such monies, and to use such monies solely in compliance with the cash collateral budget approved by the Bankruptcy Court.

20. Plaintiff is informed and believes, and based thereon alleges, that during the Cedros Bankruptcy proceeding, in defalcation of his fiduciary duty, the Debtor-Defendant failed to properly account for all rents and security deposits collected from the tenants, and failed to use such monies in compliance with the cash collateral budget approved by the Bankruptcy Court. Rather, Plaintiff is informed and believes and based thereon alleges that Debtor-Defendant diverted, embezzled and/or otherwise mis-used some of such monies collected from the Cedros Avenue Property for his personal benefit and gain.

21. Plaintiff does not yet know the full extent of the Debtor-Defendant's diversion, defalcation and misuse of cash collateral that occurred during the Cedros Bankruptcy proceeding, but based upon the monthly rents that were being generated from the Cedros Avenue Property, based upon Cedros Properties' failure to make the interest only monthly adequate

protection payments to Plaintiff in the amount of $8,625.35 for the months of September 2010, October 2010, and November 2010, and based upon the amount of funds that remain on hand in the Client-Trust Account for Counsel of Cedros Properties, Plaintiff estimates that the Debtor-Defendant misused, embezzled or otherwise diverted for his personal gain cash collateral in the Cedros Bankruptcy proceeding in an amount of no less than $30,000.00.

22. Further, Plaintiff is informed and believes, and based thereon alleges, that in breach of his fiduciary duty, the Debtor-Defendant committed bad faith waste and caused injury to Plaintiff by intentionally damaging the Cedros Avenue Property, by destroying various fixtures and improvements on the Cedros Avenue Property, and by removing various items from the Cedros Avenue Property such as air conditioning units, wiring, carpeting and furniture for use in other real properties owned or controlled by the Debtor-Defendant or his other solely owned business entities.

23. By reason of the Debtor-Defendant's actions as alleged above, Plaintiff has been damaged in an amount to be more specifically ascertained at the time of trial, but in an amount not less than $80,000.00, together with interest at the maximum legal rate, plus attorneys' fees and costs. Further, by reason of the Debtor-Defendant's wrongful actions and defalcation while acting in a fiduciary capacity as alleged above, all such damages incurred by Plaintiff should be deemed non-dischargeable in this proceeding.

## SECOND CLAIM FOR RELIEF

## [11 U.S.C. §523(a)(6)]

24. Plaintiff alleges and incorporates herein by reference each and every allegation set forth in Paragraphs 1 through 23 of the Complaint as though set forth in full.

25. Plaintiff is informed and believes, and based thereon alleges, that during the Cedros Bankruptcy proceeding, in his capacity as the 100% owner, sole Insider and Managing Member of Cedros Properties, the Debtor-Defendant committed bad faith waste and willfully and maliciously caused injury to Plaintiff by diverting, embezzling and/or otherwise mis-using some of the monies collected from the Cedros Avenue Property, for his personal benefit and gain.

26. Further, Plaintiff is informed and believes, and based thereon alleges, the Debtor-Defendant committed bad faith waste and willfully and maliciously caused injury to Plaintiff by intentionally damaging the Cedros Avenue Property, by destroying various fixtures and improvements on the Cedros Avenue Property, and by removing various items from the Cedros Avenue Property such as air conditioning units, wiring, carpeting and furniture for use in other real properties owned or controlled by the Debtor-Defendant or his other solely owned business entities.

27. By reason of the Debtor-Defendant's actions as alleged above, Plaintiff has been damaged in an amount to be more specifically ascertained at the time of trial, but in an amount not less than $80,000.00, together with interest at the maximum legal rate, plus attorneys' fees and costs. Further, by reason of the Debtor-Defendant's bad faith waste and willful and malicious wrongful actions, all such damages incurred by Plaintiff should be deemed non-dischargeable in this proceeding.

**WHEREFORE**, Plaintiff prays for relief as follows:

**ON THE FIRST CLAIM FOR RELIEF**

1. For a determination by this Court that the Debtor-Defendant's debt to Plaintiff based upon the damages asserted herein is nondischargeable under 11 U.S.C. §523(a)(4);

2. For the entry of judgment against the Debtor-Defendant in an amount according to proof at the time of trial, but in an amount not less than $80,000.00, together with interest at the maximum legal rate;

3. For Plaintiff's reasonable attorneys' fees and costs in bringing this action; and

4. For such other and further relief as the Court may deem just and proper.

**ON THE SECOND CLAIM FOR RELIEF**

1. For a determination by this Court that the Debtor-Defendant's debt to Plaintiff based upon the damages asserted herein is nondischargeable under 11 U.S.C. §523(a)(6);

2. For the entry of judgment against the Debtor-Defendant in an amount according to proof at the time of trial, but in an amount not less than $80,000.00, together with interest at the maximum legal rate;

3. For Plaintiff's reasonable attorneys' fees and costs in bringing this action; and

4. For such other and further relief as the Court may deem just and proper.

DATED: January 28, 2011

LAW OFFICE OF JULIAN BACH

Julian Bach
Attorneys for Plaintiff,
ASSET MANAGEMENT WEST 14, LLC